No. 2386. MOORE *v.* WILLARD & Co. November Term, 1888. Action on account. Plaintiff notified defendant's attorneys that he would take the testimony of three witnesses (naming them) on May 12, 1888, before P., a notary public, at his office in Richmond, Va. Defendant's attorneys endorsed thereon: "We consent to the taking of the within depositions on May 12, 1888." A certificate that the depositions were taken at the time and place mentioned and were duly sworn to and subscribed, was signed by P. as notary and his seal affixed. *Held,*

1. The failure to serve interrogatories did not render the depositions inadmissible.

2. The certificate and seal of the notary, in the absence of testimony throwing suspicion on its execution, was sufficient evidence that P. was a notary and that the witnesses were sworn, especially so when considered in connection with the consent endorsed on the notice.

3. The act of 1883 (18 Stat., 373) authorizes the taking of depositions of witnesses who reside permanently in another State, as well as of citizens temporarily absent or about to go away.

4. Defendant having denied his indebtedness, plaintiff asked him on the witness stand whether he was not also denying indebtedness to another person by whom he was then being sued. *Held,* that this testimony, though perhaps irrelevant and erroneous, was not a ground for a new trial, as it could not have prejudicially affected the defendant.

5. Where goods are ordered to be shipped at a certain point to the person who gives the order, delivery to the carrier at such point consigned to such person is delivery to the consignee.

6. If one of two partners acknowledges the receipt of goods shipped to his firm and promises to pay for them, it is an admission by the partnership.

Judgment (Kershaw, J.) affirmed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 14, 1889. *Thomson & McKissick*, for appellants. *Wm. Munro*, contra.